FRANCES E. WILLIAMS, Respondent, *v.* THE UNITED STATES
MUTUAL ACCIDENT ASSOCIATION, of the City of New York,
Appellant.

An accident insurance policy, issued by defendant, upon the life of W., provided that the insurance should not "extend to or cover * * * suicide, sane or insane, * * * voluntary exposure to unnecessary danger," etc. In an action upon the policy it appeared that W., after crossing a railroad track in the village in which he lived, in the evening, met two men going toward the crossing, to whom he said: "Boys, look out for the engine," and one of them replied: "I'm not afraid; my life is insured." A train was at that time approaching. The men passed on over the track. W. turned and retraced his steps, and when within a few feet of the crossing, stood still. The train was moving at about the rate of four miles an hour; the whistle of the engine was blowing and its bell ringing. When it was within about twenty five feet of the crossing, W. moved forward, and when upon the track, "squatted down;" he was struck by the engine and killed. The locality was lighted by an electric light. It did not appear that the men W. met were inebriated, or that there was any reason for him to incur danger on their behalf. *Held,* that the evidence disclosed that the danger was

voluntarily and unnecessarily incurred, and so, that defendant was not liable; also, that evidence given negativing the idea of a motive on the part of W. to destroy his life, did not justify the submission of the case to the jury.

(Argued May 3, 1892; decided May 24, 1892.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made February 16, 1891, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Richard L. Hand* and *Winsor B. French* for appellant, There was no evidence that the insured came to his death by accidental means, within the intent and meaning of this policy or certificate. On the contrary, the proof is that the injury from which he died was occasioned by his own act, and that his death was suicidal. (*Paul* v. *Ins. Co.*, 112 N. Y. 472.) The court erred in submitting to the jury, against the objection of the defendant, the question whether or not the injury to the assured was occasioned by his own act, or by a voluntary exposure to unnecessary danger, or intentional injuries inflicted by himself upon himself, under the evidence adduced on the trial. (*Searles* v. *M. R. Co.*, 101 N. Y. 661; *Taylor* v. *City of Yonkers*, 105 id. 209; *De Gorgoza* v. *K. L. Ins. Co.*, 65 id. 242.) The judge was clearly wrong in permitting the jury to, and instructing them that they might, draw inferences, when there was nothing in the case from which they could be drawn, and on these inferences found a verdict for the plaintiff. (*Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341; *Bulger* v. *Rosa*, 119 id. 459.) This case is clearly within the condition of the policy which expressly exempts the company from liability where the assured voluntarily exposes himself to unnecessary danger. (*Sawtelle* v. *R. P. A. Co.*, 15 Blatch. 217; *Tuttle* v. *T. Ins. Co.*, 134 Mass. 175; *Wells* v. *B. H. R. R. Co.*, 128 id. 351; *Cordell* v. *N. Y. C. R. R. Co.*, 75 N. Y. 330; *Wendell* v. *N. Y. C. R. R. Co.*, 91 id. 437; *Van Schaick*

v. *H. R. R. R. Co.*, 43 id. 527 ; *Cornish* v. *A. Ins. Co.*, L. R. [23 Q. B. Div.] 453.) The death of the insured was the direct result of his walking on the road-bed of the Adirondack railway. This was a hazard not contemplated or covered by the insurance, as its terms expressly declare. (*Allen* v. *G. A. Ins. Co.*, 123 N. Y. 6 ; *Burkhard* v. *T. Ins. Co.*, 102 Penn. St. 262.) •

*Edgar T. Brackett* for respondent. The jury having found in favor of the plaintiff on all the controverted questions of fact, and the General Term having affirmed such finding, this court will not disturb the result if there is, in any view, evidence to sustain it. (*Rutherford* v. *Schattman*, 119 N. Y. 604, 605 ; *Meacham* v. *N. Y. S. M. B. Assn.*, 120 id. 237, 243 ; *Healy* v. *Clark*, 120 id. 642, 643 ; *Fellows* v. *Northrup*, 39 id. 117–119.) It was the province of the jury to decide on all the evidence whether or not Williams committed suicide, and the evidence is sufficient to sustain their verdict that he did not. (Penal Code, § 172 ; *Washburn* v. *N. A. Society*, 32 N. Y. S. R. 34, 35 ; *Penfold* v. *U. L. Ins. Co.*, 85 N. Y. 317–320 ; *Meacham* v. *N. Y. S. M. B. Assn.*, 120 id. 237–243 ; *Goldsmith* v. *M. L. Ins. Co.*, 35 N. Y. S. R. 121 ; *Wait* v. *A. Ins. Co.*, 13 Hun, 374 ; *Powell* v. *Powell*, 71 N. Y. 71–73 ; *Bolton* v. *Baxter*, 58 id. 411–415 ; *Mallory* v. *T. Ins. Co.*, 47 N. Y. 52.) The evidence warranted the jury in finding that the deceased did not voluntarily expose himself to unnecessary danger, and thereby violate the condition of the policy in that regard. (*Eckert* v. *L. I. R. R. Co.*, 43 N. Y. 502, 505, 506 ; *Spooner* v. *D., L. & W. R. R. Co.*, 115 id. 22–35 ; *Tucker* v. *M. B. L. Co.*, 50 Hun, 50 ; 121 N. Y. 718.) The attempt of the deceased to cross the track cannot in reason be construed as within the exception of the policy against accident occurring while "walking on the road-bed or bridge of any railway." (*Duncan* v. *P., etc., Co.*, 36 N. Y. S. R. 928 ; *Washburn* v. *N. A. Society*, 32 id. 34 ; *Mallory* v. *T. Ins. Co.*, 47 N. Y. 52.) The general burden of proof was clearly left with plaintiff, and the jury properly instructed

that when the plaintiff, assuming that general burden, had shown death to result from either accident or suicide, then the defendant must convince the jury that it was suicide. (*T. Ins. Co.* v. *McConkey*, 127 U. S. 667.)

GRAY, J.  The present action was brought to recover the amount of insurance in a policy issued by the defendant, wherein it was agreed that the sum of $5,000 should be paid to the plaintiff, the wife of Williams, an insured member, if death should result to him from bodily injuries, effected through external, violent and accidental means.  The policy provided, however, that its issuance and acceptance were subject to certain conditions, among which were the following : namely, that the insurance should not "extend to or cover * * * suicide, felonious or otherwise, sane or insane ; * * * voluntary exposure to unnecessary danger, etc."  The assured was struck by an engine and died, shortly afterwards, from the effects of his injuries.  The circumstances of the occurrence were undisputed.  The deceased was by occupation a book peddler, and lived at Saratoga Springs.  Upon an evening in the latter part of November, 1890, he was walking, and crossed from the west side of the railroad at Church street, where the line of the road runs northerly and southerly, and continued from the track eastwardly along Church street.  When about 100 feet from the track he met with two Germans ; one of whom testified that they were addressed with the remark : "Boys look out for the engine, may be he will catch you."  One of the men replied : "I'm not afraid, my life is insured."  A train was at that time approaching in the distance.  The Germans continued on their way westwardly and over the track.  From what was further testified concerning the movements of the deceased, it appears that he must have turned and retraced his steps ; for the engineer of the approaching locomotive saw him coming west towards the track, and, when within a few feet of the crossing, standing still.  The train was moving only at about four miles an hour.  The whistle was being blown and the bell rung, but when within about twenty-five feet of the

crossing the engineer saw the man start and go upon the track. He says that if the man had kept on walking he could, in all probability, have gone across; but when upon the track he "squatted down," as in the position of kneeling. The engineer, when he saw this, at once reversed his engine, and, after it had stopped, got down, went to the man and found him lying against the pilot of the engine. Others came up, brought to the spot by the cry which the deceased uttered when struck; but the only evidence of what occurred, immediately before and at the time he was struck, was furnished by the engineer. The locality was lighted up by an electric light, and the crossing does not appear to have been out of order. The deceased only had an umbrella in one hand and his canvassing book in the other. Upon these facts the plaintiff, respondent here, insisted, and insists, that it was for the jury to pronounce whether the acts of the deceased were with suicidal intent, or whether he was not at the time excusably engaged in an endeavor to follow the Germans and to save them from possible injury by the approaching train. The plaintiff's counsel argues that there was room for an inference that these Germans were inebriated, and that their condition had provoked the deceased to follow and to observe them, with the intention to interfere in their behalf if threatened with danger. But the difficulty is that there was no evidence of inebriation in the Germans, and nothing more than their testimony that, at the close of their day's work, they had taken one or more drinks.

They had gotten beyond the track and there was nothing calling upon the deceased to incur jeopardy in their behalf. The theory rests upon the merest speculation and is without support in a single fact in evidence.

The defendant could not be charged with any obligation under its contract, unless there were facts disclosed by the evidence, which would permit an inference by the jury that such an accident had occurred as would bring the case within an admitted liability of the insurer. The respondent argues that because the evidence relating to the condition in life of the

assured, to his character, his temperament and his mental soundness, was such as to negative the idea of the existence of a motive to destroy his life and a theory was furnished to account sufficiently for the exposure of his life to the imminent danger, the case was not one where the court should either presume a suicidal intent, or impute negligence in the preservation of life ; and that it was the province of the jury to draw the proper inferences and to decide the question of liability upon all the circumstances.   The argument would be unanswerable in a case where the facts were disputed and any at all existed from which an inference was possible that there was a reasonable or excusable cause for the occurrence.   In the present case, there is no dispute as to how the accident occurred, nor as to the conduct of the deceased which permitted it. There is not a fact in evidence which explains the possibility of such an occurrence other than through the voluntary action of the individual; unless, upon the solitary fact that the two Germans whom he met with had taken one or more drinks and were in the habit of occasionally drinking, the mind might be permitted to erect the fabric of a case of a more or less helpless state of inebriation upon this occasion ; the perception of such a state by the deceased ; an anxiety and an endeavor to avert a peril to them, and his own loss of life in consequence.   That would be going too far.   Mental speculation and guess-work cannot be permitted to supply the facts as the basis for liability in such a case.   As the case appears from the record before us, there was no evidence that the death of the assured was the result of an accident, in the proper and usual acceptation of that term.   When seen just before the train struck him, he was, at first, standing away from the track crossing, with the train about twenty-five feet off, and then deliberately going upon the track, stopping and lowering his body in front of the engine.   The men whom he had met and addressed had crossed and were away from the track.   There was no evidence of their coming back upon it, nor of any circumstance requiring the assured to change the position of safety in which he was, as the train was approaching the cross-

ing.   Can it be said, with any semblance of reason, upon these
undisputed facts, that injury, or death, was not voluntarily and
unnecessarily incurred, if not deliberately invited, by the
assured?   I do not think so.   We may not be furnished with
a motive, but that is not necessary.   The evidence reveals an
occurrence, which, to all appearances, was deliberately con-
tributed to, if not permitted, and, therefore, the theory of an
accident is excluded.   The proof would not be consistent with
any such theory.   It was certainly a case of voluntary expos-
ure to unnecessary danger, without a relevant fact to change
that aspect of it, and it is of no materiality whether the act is
known to have been one of suicide or not.

The case should not have been submitted to the jury.   The
defendant was entitled to a dismissal of the complaint at the
conclusion of the case, and the denial of its motion was error.

The judgment appealed from should be reversed and a new
trial granted, with costs to abide the event.

All concur, except FINCH and MAYNARD, JJ., dissenting.

Judgment reversed.